Case 5:16-cv-00332-MHH   Document 16   Filed 04/21/16   Page 1 of 15

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| Benjamin N. Schwartz, individually, and on behalf of a class of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Checkredi of Alabama, LLC, Checkredi of Lexington, LLC, and Checkredi of Kentucky, LLC,<br><br>　　　　Defendants. | **CIVIL ACTION NO.**<br>**5:16-cv-00332-MHH** |

## FIRST AMENDED CLASS ACTION COMPLAINT

1.　　This is an action brought by the Plaintiff, Benjamin N. Schwartz, and all others similarly situated, for actual and statutory damages, attorney's fees and costs for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA") in their illegal efforts to collect consumer debts. With knowledge as to his own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery, pursuant to Fed. R. Civ. Pro. 15(a)(1)(B), alleges as follows:

## JURISDICTION

2.　　Jurisdiction of this Court arises under 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. The Plaintiff, Benjamin N. Schwartz ("Plaintiff" or "Mr. Schwartz"), is a natural person who resides in the City of Madison, County of Madison, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. §§ 1692a(3) and 1693a(6) .

5. Defendant Checkredi of Alabama, LLC ("Checkredi Alabama"), is an Alabama corporation with its principal place of business at 4925 Sparkman Drive, Huntsville, Alabama 35810.  Checkredi Alabama may be served with process through its registered agent for service of process, National Registered Agents, Inc., 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. In all respects and at all times relevant herein, Checkredi Alabama was doing business in the State of Alabama. Checkredi Alabama is engaged in the business of collecting consumer debts on behalf of businesses and schools.  Defendant is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

6. Defendant Checkredi of Lexington, LLC ("Checkredi Lexington"), is an Alabama corporation with its principal place of business at 406 Park Place, Lexington, Kentucky 40511. Checkredi Lexington may be served with process through its registered agent for service of process, National Registered Agents Inc, 150 South Perry Street, Montgomery, Alabama 36104.  In all respects and at all times relevant herein, Checkredi Lexington was doing business in the State of

Alabama. Checkredi Lexington is engaged in the business of collecting consumer debts on behalf of businesses and schools. Defendant is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

7.  Defendant Checkredi of Kentucky, LLC ("Checkredi Kentucky"), is an Alabama corporation with its principal place of business at 406 Park Place, Lexington, Kentucky 40511. Checkredi Kentucky may be served with process through its registered agent for service of process, CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601. In all respects and at all times relevant herein, Checkredi Kentucky was doing business in this judicial district. Checkredi Kentucky is engaged in the business of collecting consumer debts on behalf of businesses and schools. Defendant is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

8.  The defendants are referred to collectively throughout the Complaint as "Checkredi" or "Defendants."

## FACTS PERTAINING TO CLASS REPRESENTATIVE BENJAMIN SCHWARTZ

9.  On or about March or April, 2015, West Madison Elementary School received a check in the amount of $10.00 from Mr. Schwartz's account. The check was for a consumer debt, Mr. Schwartz's daughter's lunch money. The check did not clear Mr. Schwartz's bank account and "bounced."

10.  Per Madison City School policy articulated below, the $10.00 check was turned over to Checkredi for collections. On April 10, 2015, and in an effort

3

to collect on the consumer debt, Checkredi made two electronic debits from the Plaintiff's bank account, one for $10.00 which was the amount of the check and a separate debit for a collection fee in the amount of $37.50, both of which were paid by Plaintiff.

11.   Madison City Schools' policy with regard to returned checks is as follows:

> <u>Worthless Checks</u> – Non-sufficient fund checks or account closed checks used for meal or school payments will automatically be sent to a collection agency by the bank used by the City of Madison Board of Education. Madison City Schools may apply fees for uncollected checks. The fees collected for return checks may be used for related expenses and recovery of uncollected checks by Madison City Schools or by a contracted agreement with a check collection agency.

Madison City Schools 2015-2016 Policy Manual, 3.13.4.[1]

12.   More specifically, Madison City Schools' internal procedures for returned checks is as follows:

**I. Returned Checks**

Madison City Schools has an agreement with CheckRedi for the recovery of all returned checks. The following information must be included on every check:

> **FULL NAME**
> **CURRENT STREET ADDRESS**
> **HOME PHONE NUMBER**
> **DRIVER'S LICENSE NUMBER**

---

[1] http://data.madisoncity.k12.al.us/Documents/Policies/CURRENT%20Policies%20for%20Website/2015-2016%20Complete%20Policy%20Manual.pdf Last visited February 19, 2016.

> If your bank returns your check unpaid the bank will automatically forward the returned item to CheckRedi for electronic re-presentment. These checks are not returned to the school. Once these checks are debited from the account the school cannot accept payment for them. CheckRedi will notify you in order to recover the face value of the check plus a state authorized collection fee of $30.00. If you can prove the check was returned due to a bank error, documentation from your back should be obtained and forwarded to CheckRedi within 30 days of receipt of notifications.
>
> For checks that are written to the school and returned by CheckRedi as uncollectible please contact the Central Office Accounting Office for guidance.
>
> An individual that issues two insufficient funds checks in a given year should be placed on a risk list and dealt with on a cash only basis for the remainder of the school year.

Financial Procedures for the City of Madison Board of Education, III Receipting Money, I. Returned Checks.[2]

13.  Madison City Schools states that Checkredi will notify Plaintiff *before* the defendants attempt to recover the face value of the check, plus a $30.00 collection fee.

14.  Checkredi did not notify Plaintiff before it initiated electronic debits of Plaintiff's account for the bounced check, or the collection fee, or both.

15.  In Alabama, the service charge for the collection fee for bad checks is specifically limited to no more than $30.00 by Alabama Code § 8-8-15.

---

[2] http://data.madisoncity.k12.al.us/documents/BusinessFinance/Madison%20City%20Financial%20Procedures%20Updated%209302013.pdf Last visited February 22, 2016.

16. In Alabama, collection agencies who seek to collect consumer debts must be licensed under Alabama Code § 14-12-80.

17. In Alabama, no person, as a service or for a fee, shall receive money as agent for obligors for the purpose of paying such obligors' bills, invoices or accounts without first obtaining a license from the Alabama Securities Commission under Alabama Code § 8-7-3.

18. Defendants are not licensed with the State of Alabama to collect consumer debts.

19. Defendants are not licensed with the Alabama Securities Commission to initiate electronic transactions.

20. On or about April 10, 2015, without notification to Mr. Schwartz, Checkredi transferred funds from Mr. Schwartz's bank account when it electronically initiated two debits, one for $10.00, the face amount of the check, and another debit for $37.50, as a service charge for the collection fee.

21. Checkredi unlawfully collected consumer debts without a license.

22. Checkredi unlawfully initated electronic transactions without a license.

23. Checkredi unlawfully collected a fee greater than $30.00.

24. Checkredi illegally seized an additional $7.50 from Plaintiff, without Plaintiff's authorization, without notice to Plaintiff, and in violation of the Fair Debt Collection Practices Act and the Electronic Funds Transfer Act.

6

## CLASS ALLEGATIONS

25. This action is brought on behalf of a class consisting of the following:

    a. FDCPA Class A: All natural persons, who within one year prior to filing of this action and extending through the resolution of this action, resided in Alabama, and Checkredi collected a collection fee without a license to do so in the State of Alabame;

    b. FDCPA Class B: All natural persons, who within one year prior to filing of this action and extending through the resolution of this action, resided in Alabama, and Checkredi collected a bad check fee in excess of the fee allowable by law; and

    c. EFTA Class: All natural persons, who within one year prior to filing of this action and extending through the resolution of this action, resided in Alabama, and Checkredi initiated an electronic debit from their consumer bank account without prior authorization.

26. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

27. The class members are so numerous that joinder is impractical. Upon information and belief, Checkredi obtained unlawful collection fees from hundreds if not thousands of consumers each year, and those persons' names and addresses are identifiable through documents maintained by Checkredi. Further, upon

information and belief, Checkredi electronically debited hundreds if not thousands of consumer bank accounts absent authorization from the putative class members.

28. **Existence and Predominance of Common Questions of Law and Fact**. F‌ED. R. C‌IV. P. 23(a)(2). Common questions of law and fact exist as to all Class members, and predominate over the questions affecting only individual members. There are questions of law and fact common to the class members which predominate over any questions unique to individual class members. Specifically, the common legal and factual questions include, *inter alia:*

> 1. Whether Checkredi violated the FDCPA when it collected consumer debt without a license;
>
> 2. Whether Checkredi violated the FDCPA when it collected an amount greater then the amount authorized by law;
>
> 3. Whether Plaintiff and the putative class members suffered actual damages as a result of Checkredi's violations of the FDCPA;
>
> 4. Whether Plaintiff and Class Members are entitled to statutory damages, punitive damages, attorneys' fees and costs for violations of the FDCPA;
>
> 5. Whether Checkredi violated the EFTA when it withdrew monies from the Plaintiff and putative class members' bank accounts without prior authorization;

      6.     Whether Plaintiff and the putative class members suffered actual damages as a result of Checkredi's violation of the EFTA; and

      7.     Whether Plaintiff and Class Members are entitled to statutory damages, punitive damages, attorneys' fees and costs for violations of the EFTA.

29.    **Typicality**. **FED. R. CIV. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory, actual and punitive damages that he seeks for absent Class members.

30.    **Adequacy**. **FED. R. CIV. P. 23(a)(4)**. Plaintiff is an adequate representative of the Classes. His interests are aligned with, and are not antagonistic to, the interests of the Class members he seeks to represent. Plaintiff has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the Class members' interests.

31.    **Predominance and Superiority**. **FED. R. CIV. P. 23(b)(3)**. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory, actual and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex

and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the Class members, individually, to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

32. Certification of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate. A class action is the only appropriate means of resolving this dispute because the Class members are not aware of their rights.

33. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate declaratory relief with respect to the Classes as a whole.

## COUNT ONE

## FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. § 1692f, generally)

34. Plaintiff adopts the above-numbered paragraphs as if fully stated herein.

35. Checkredi, through their own acts, by and through their agents and employees, and their policies and procedures, have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to Plaintiff and Checkredi's collection of Plaintiff's alleged consumer debt.

36. Checkredi used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

37. Checkredi collected consumer debt without a license to do so, electronically, or otherwise, under Alabama law.

38. Checkredi received money as an agent for obligors for the purpose of paying such obligors' bills, invoices or accounts without first obtaining a license from the Alabama Securities Commission.

39. Therefore, Checkredi's collection of consumer debt, electronically or otherwise, was in direct violation of 15 U.S.C. § 1692f.

40. Checkredi's violations of 15 U.S.C. § 1692f caused actual damages to the Plaintiff.

## COUNT TWO

## FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. § 1692f(1))

41. Plaintiff adopts the above-numbered paragraphs as if fully stated herein.

42. Checkredi, through their own acts, by and through their agents and employees, and their policies and procedures, have engaged in collection activities and practices in violation of the FDCPA with respect to Plaintiff and Checkredi's collection of Plaintiff's alleged consumer debt.

43. Checkredi used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f(1).

44. Specifically, Checkredi collected an amount that was neither expressly authorized by the agreement creating the debt, nor permitted by law. Therefore, Checkredi's collection of an fee greater than the fee authorized by law was in direct violation of 15 U.S.C. § 1692f(1).

45. Checkredi's violations of 15 U.S.C. § 1692f(1) caused actual damages to the Plaintiff.

## COUNT THREE

## ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. 1693, et seq.

46. Plaintiff adopts the above-paragraphs as if fully stated herein.

47. Checkredi willfully, intentionally and without authorization transferred funds from Plaintiff's bank account after initiating two electronic transfers in April 2015: (1) $10.00; and (2) for $37.50.

48. Checkredi failed to obtain proper authorization from Plaintiff prior to the time Checkredi initiated electronic fund transfers from Plaintiff's account, nor

was any written authorization ever provided to Plaintiff in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et. seq*.

49. As a result of the Checkredi's unlawful actions, Mr. Schwartz suffered damages including actual damages, consequential and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff and the Classes pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and his counsel to represent the Classes;

B. Declaratory judgment that Defendants' conduct violated the FDCPA and EFTA;

C. Actual damages of $7.50 for Plaintiff and each class member for funds that were illegally charged and retained by Defendants;

D. Statutory damages of at least $1,000 per Class member pursuant to 15 U.S.C. § 1692k(a) for violations of the FDCPA;

E. Statutory damages in an amount allowed pursuant to 15 U.S.C. § 1693m for violations of the EFTA;

F. Costs and reasonable attorneys' fees;

G. Punitive damages in an amount to be determined by a jury; and

H.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

1. Plaintiff hereby requests and demands a trial by jury.

Dated:    April 21, 2016

                    Respectfully submitted,

**/s/ Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
301 19th Street North, Suite 581
The Kress Building
Birmingham, Alabama 35203
Telephone:  205.458.1204
Facsimile:   205.208.9632
Email:MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff*

Ronald C. Sykstus (ASB-7064-K73R)
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
Telephone:  (256) 539-9899
Direct:         (256) 713-0221
Facsimile:   (256) 539-9895
Email:         rsykstus@bondnbotes.com

Penny Hays Cauley (ASB-6309-A63P)
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, South Carolina 29501
Telephone:  (843) 665-1717
Facsimile:   (843) 665-1718
Email:         phc917@hayscauley.com

14

CERTIFICATE OF SERVICE

I certify that on April 21, 2016, I filed the foregoing paper via CM/ECF, which will send electronic notification of same to the following counsel of record:

Neal Moore, III
Ferguson, Frost, Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242

**/s/ Micah S. Adkins**
Micah S. Adkins