# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| Benjamin N. Schwartz, individually, and on behalf of a class of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Checkredi of Alabama, LLC, *et al.*,<br><br>　　　　Defendants. | **CIVIL ACTION NO.**<br>**5:16-cv-00332-MHH**<br><br>**CLASS ACTION** |

### Plaintiff's Motion for Attorneys' Fees, Costs and Service Award, and Integrated Memorandum of Law in Support

Plaintiff Benjamin N. Schwartz ("Mr. Schwartz") has achieved an excellent settlement result for the Class, and the parties have agreed that Defendant CheckRedi of Alabama, LLC, ("CheckRedi") will pay reasonable attorney's fees incurred by Mr. Schwartz's counsel, to be paid separately by CheckRedi. In the parties' Settlement Agreement, CheckRedi agreed not to object to an award of attorney's fees up to $110,000.00, but this is not necessarily a "cap" on the amount that may be awarded as reasonable attorneys' fees. Also, CheckRedi does not object to Mr. Schwartz's class representative service award of $6,000.00, to be paid separately by Checkredi. Granting Plaintiff's Motion will not diminish the Class's recovery by a penny. It will, however, fairly compensate Class Counsel for their extensive and successful work prior to the filing of the complaint and throughout the pre-trial and

1

settlement phases of this litigation, as well as their expenses invested on behalf of the Class. For these reasons, Plaintiff respectfully requests that the Court:

1. Award Class Counsel a fee of $ 194,779.01, and reimbursement of litigation costs of $4,202.55, to be paid by CheckRedi to Class Counsel; and

2. Award Mr. Schwartz a service award in the amount of $6,000.00 in recognition of his service to the Class, also to be paid separately by CheckRedi.

For the reasons set forth more particularly below, Plaintiff respectfully requests that the Court grant his Motion.

**I.    The Court Should Award the Requested Attorneys' Fees.**

A. Legal Standard

It is well settled that Class Counsel is entitled to an attorneys' fee for the benefit obtained in a class settlement. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980); *Saccoccio v. JP Morgan Chase Bank, N.A.,* 297 F.R.D. 683, 694 (S.D. Fla. 2014). Further, a settlement with ascertainable benefits may be treated as a common fund from which a percentage fee may be awarded. *Poertner v. Gillette Co.,* No. 14-13882, 2015 WL 4310896, at *4 (11th Cir. July 16, 2015) (per curiam) (finding value of nonmonetary relief and *cy pres* award to be part of the "settlement pie" from which percentage of fund for fee award was calculated). This is true even if the fee is separately paid by the defendant. *See David v. Am. Suzuki Motor Corp.,* No. 08-22278, 2010 WL 1628362, n.14 (S.D. Fla. Apr. 15, 2010) (citing *Duhaime v. John Hancock Mut. Life Ins. Co.,* 183 F.3d 1, 4 (1st Cir. 1999); Fed. R. Civ. P. 23(h)).

Here, CheckRedi is paying the attorneys' fees *in addition* to the settlement amount provided to the class. As stated in *Plaintiff's Motion for Final Approval of Class Action Settlement*, (Doc. 55), the class recovery in this matter would be capped at the lesser of $500,000.00 or one percent of CheckRedi's net worth. *See* 15 U.S.C. § 1692k(a). CheckRedi claims that one percent of its net worth would be zero, substantially less than the $44,814.00 it is contributing to the Settlement. Also, CheckRedi contends that actual damages are only $7.50 per bad check transaction, compared to the $19.15 per bad check transaction that is awarded under the Settlement. Under these circumstances, Class Counsel is entitled to a reasonable fee for the excellent benefit obtained on behalf of the class.

B. The Requested Attorneys' Fee is Reasonable under the *Johnson* Factors.

The reasonableness of attorneys' fees is weighed using the twelve-factor method in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Eleventh Circuit advised that although *Johnson* was a statutory fee award case and not a common fund case, it has been applied to both statutory fee award and common fund cases. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772 (11th Cir.1991) Further, the Eleventh Circuit advises that "the *Johnson* factors continue to be appropriately used in evaluating, setting, and reviewing fee awards in common fund cases." *Camden I,* 946 F.2d at 775. Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill

3

requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases. *Id.* at n.3 (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974)). Application of the relevant *Johnson* factors confirms that Plaintiff's attorney fee request is reasonable.[1]

        i.    *The time, labor and skill required*

The excellent result achieved for the Class only came about because of Class Counsel's extensive efforts. As set forth in the accompanying Declarations of Micah Adkins, David L. Selby II, Penny Hays Cauley, and Ron Sykstus, Class Counsel and their staff have performed several hundred hours of hours of work and incurred $4,202.55 in costs to identify, investigate, prosecute, and settle the claims in this action. *See* Ex. A, Adkins Declaration ("Adkins Decl."); Ex. B, Selby Declaration ("Selby Decl."); Ex. C, Cauley Declaration ("Cauley Decl."); and Ex. D, Sykstus Declaration ("Sykstus Decl."). After engaging in extensive motion practice, written discovery, third party discovery, and the parties' depositions, this court ordered the

---

[1] The professional relationship factor is not particularly applicable to these circumstances.

parties to mediate the case with Magistrate Cornelius. Class Counsel spent valuable time in the preparation necessary for the successful mediation process. They conducted an in-person mediation session in Birmingham, Alabama at the courthouse, which concluded after 7 P.M. and resulted in a settlement in principal. Class Counsel engaged in additional telephone negotiations to finalize the settlement.

In the months after the parties successfully mediated the case, Class Counsel prepared the Motion for Preliminary Approval of Class Action Settlement as well as the Proposed Final Order and Judgment. In recent months, Class Counsel have reviewed and responded to class member inquiries about the Settlement. There have been no objections filed and the class member response to the settlement has been resoundingly positive. Class Counsel have also been busy working with the claims administrator on the details of notice to the class.

All of these efforts were necessary to achieve these results, and were made possible because of Class Counsel's wide-ranging skills and experience. Messrs. Adkins, Selby and Kauffman concentrate their practices in class actions and consumer fraud cases, and have decades of experience in litigating complex class actions which they brought to bear on this case. *See* Adkins Decl. at ¶¶ 4-7, Selby Decl. at ¶¶ 1-4. Attorneys Ron Sykstus and Penny Hays Cauley have been practicing law for 39 years and 23 years, respectively, both have extensive experience

5

advocating consumer cases, and speak regularly at continuing education seminars on consumer rights. *See* Sykstus Decl. at 1-2; Cauley Decl. at 1-2.

> ii. *Unique and compelling time limitations in this case weigh in favor of the award*

Mr. Schwartz's primary goal in bringing this suit was to stop CheckRedi from making the bad-check transaction overcharges. He has accomplished that goal and obtained substantial recovery for class members. Class Counsel used its experience to bring this matter to a swift resolution given the complications involved with litigating this matter. Checkredi has a limited net worth and ability to pay funds to class members. The urgency of reaching a resolution, and the unusual degree of focus and devotion of time and resources to this case, necessarily meant that other work was precluded. Thus, delayed or protracted litigation would have put the Class Members' potential recoveries at risk.

> iii. *The difficulty of the issues and undesirability of the case*

Class Counsel's work in this case involved numerous complex legal issues. Here, Plaintiff faced significant hurdles both on the merits and in obtaining contested class certification. For example, CheckRedi's Answer (Doc. 18) challenged the legal sufficiency of every claim alleged in Mr. Schwartz's Amended Complaint, raising forty-one (41) separate affirmative defenses. *Id.* Among other things, Checkrediargued Plaintiff was not entitled to relief because:

6

- Any violation(s) were the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error;

- Any violation(s) were unintentional;

- CheckRedi relied in good faith on the information provided to it; and

- Plaintiff's claims are subject to enforceable arbitration provisions and provisions waiving Plaintiff's right to participate in a class action.

Although Plaintiff vigorously opposed CheckRedi's contentions, the same issues could have been raised again in summary judgment motions at the individual and class stages.  Thus, the Settlement provides the class a sure result in the face of substantial legal uncertainty.

      iv.    *The contingent nature of the fee, financial burden carried by Class Counsel, and preclusion of other work*

The fact that Class Counsel pursued this matter on a contingency, taking on the substantial risk that there would be no payment whatsoever for its efforts, must weigh heavily in favor of awarding the requested fee. Class Counsel represented Mr. Schwartz and the class on a purely contingent basis and spent time on this case which could have been spent litigating other matters, thus, these factors also weigh in favor of awarding the requested fee. *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1335 (S.D. Fla. 2001) ("A contingency fee arrangement often justifies an increase in the award of attorney's fees.") (quoting *Behrens v. Wometco Enters., Inc.*, 118 F.R.D.

7

534, 548 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990)); *In re Checking Account Overdraft Litig.,* 830 F.Supp. 2d at 1364-65 (same); *Ressler v. Jacobson,* 149 F.R.D. 651, 656 (M.D. Fla. 1992) ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.").

Relatedly, Class Counsel undertook this representation understanding the risk of receiving no compensation whatsoever, a factor which should not be ignored. *See Ressler,* 149 F.R.D. at 656 (noting this risk and stating that, "[i]n evaluating [the contingency] factor the Court will not ignore the pecuniary loss suffered by plaintiff's counsel in other actions where counsel receive little or no fee.") Class Counsel indeed undertook this representation at a huge risk, and all of their work and expenses could have been for naught had this case been lost at some juncture – either at the pleading stage, class certification, dispositive motions, or on appeal. There were many opportunities for this case to founder, and Class Counsel's willingness and ability to bear those risks weigh in favor of the requested award.

    v. *The requested fee reflects the market rate in comparable complex class actions.*

Plaintiff is requesting a fee of $194,779.01 for expending over 433 hours of attorney and paralegal time. Class Counsel's attorney and paralegal rates are reasonable and in-line with other hourly awards granted. *See* Adkins Decl. at § 11; Selby Decl. at § 2-4; Cauley Decl. at 2; Sykstus Decl. at §§ 2-3.

Further, the requested attorney fees are reasonable compared to other

8

attorneys in Alabama who represent clients in same area of practice, consumer protection. According to the most recent United States Consumer Law Attorney Fee Survey Report ("Fee Survey"), Alabama attorneys who practice consumer law charge an average attorney rate of $397 per hour for individual cases. *See* Ronald J. Burge, *United States Consumer Law Attorney Fee Survey Report 2015-2016*, Sept. 2, 2017 at 34.[2]

The Fee Survey also notes that the last time a rate change occurred, which historically show rates increase over time, was over sixteen months before the applicable dates of the Fee Survey. *See id.* The Fee Survey has been utilized when determining the reasonableness of attorney fees in other federal cases. *See* Hicks v City of Tuscaloosa, 2016 WL 7029827 (N.D., Alabama, May 24, 2016) (in Discrimination under Family and Medical Leave Act (case, awarding $154,192.50 in fees to prevailing plaintiff); Jordan v City of Birmingham, 2015 WL 12830455 (N.D. Alabama, June 22, 2015); *Decker v. Transworlds Systems, Inc.*, 2009 WL 2916819 (N.D. Ill. September 1, 2009)(finding Fee Survey supported the attorney's fee requested); *Renninger v. Phillips & Cohen Associates, Ltd*, 2010 WL 3259417 (M.D. Fla. August 18, 2010) (same); and *Suleesky v. Bryant Lafayette & Associates*, 2010 WL 1904968 (E.D. Wis. May 10, 2010) (same).

---

[2] The Fee Survey can be reviewed at https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf (last accessed on October 24, 2017).

      *vi.*    *The result achieved for the class, and response by the class*

The settlement reached in this case is excellent and represents a full recovery. Plaintiff's class-wide FDCPA and EFTA claim against CheckRedi would likely be capped at a statutory damages recovery for the Settlement Class as the lesser of $500,000 or one percent of CheckRedi's net worth. *See* 15 U.S.C. § 1692k(a). CheckRedi claims that one percent of its net worth would be zero, substantially less than the $44,814.00 it is contributing to the Settlement.

Further, CheckRedi contends that the actual damages, if any, are limited to $7.50 per bad check transaction, which is essentially the difference between the $37.50 bad check fee charged and the $30.00 cap allowable under Alabama statute. CheckRedi has agreed to pay an amount that could provide about $19.15 for each bad check fee charged, which is greater than the amount it contends the Settlement Class Members' actual damages would be capped. Thus, the settlement relief provided by CheckRedi is very close to the maximum relief (including damages) that the Settlement Class Members could expect to recover. Thus, given the capped range of recovery on a class basis and the relief that is part of the Settlement Agreement, the Settlement is more than fair.

Further attesting to the strength of the settlement, there were no opt-outs or objections to the settlement. *See Decl. Adkins,* ¶ 16; Ex. E, Affidavit of Bailey Hughes at ¶¶11-12; . The fact that the Class includes over 2,000 members and not

one of the class members objected to or opted-out of the settlement supports the fee request. *See Pinto v. Princess Cruise Lines, Ltd.,* 513 F.Supp.2d 1334, 1343 (S.D. Fla. 2007) ("A small number of objections indicates the support of the Class.").

## II.   Plaintiff's Service Award is Appropriate.

Class Counsel further requests a service award for Mr. Schwartz's participation and release of his individual claims in the amount of $6,000. Notably, CheckRedi has agreed that it will not object to such an award and will pay Plaintiff this amount independent of the Settlement fund.

Service awards "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Allapattah Servs. Inc.,* 454 F. Supp. 2d at 1218. Accordingly, "there is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action." *David v. Am. Suzuki Motor Corp.*, 2010 WL 1628362, at *6.

The factors for determining a service award include: (1) the actions the class representatives took to protect the interests of the class; (2) the degree to which the class benefited from those actions; and (3) the amount of time and effort the class representatives expended in pursuing the litigation. *Id.* at *9 (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). Applying these factors, the requested award of $6,000 is reasonable.

First, Mr. Schwartz has taken significant affirmative actions to protect the interests of the class. He has been an active and indispensable part of the initial investigation and then the litigation, and has made himself available to counsel as needed. Second, the excellent settlement achieved demonstrates that the class has benefited from the involvement of this committed class representative. Third, Mr. Schwartz answered written discovery, produced hundreds of pages of documents, sat for his deposition in October 2016, and he has participated in meetings with Class Counsel. For these reasons, Mr. Schwartz's efforts and contributions to the success of this action should be compensated by an award of $6,000.

### III. Conclusion

Mr. Schwartz's motion for attorneys' fees of $193,539.00, reimbursement of litigation costs of $4,202.55 and a service award for Mr. Schwartz of $6,000 is supported by well-settled Eleventh Circuit law requiring an award of a percentage of the class settlement fund, as well as the *Johnson* factors which explore the work done here and the success of the settlement. For all the foregoing reasons, Mr. Schwartz's motion should be granted.

                          Respectfully submitted,

                          /s/ Micah S. Adkins
                          Micah S. Adkins (ASB-8639-I48A)
                          THE ADKINS FIRM, P.C.
                          2 Perimeter Park South, Suite 405 E
                          Birmingham, Alabama 35243

Telephone: 205.206.6718
Facsimile: 205.208.9632
Email: MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on October 24, 2017, I filed the foregoing paper via CM/ECF, which will send electronic notification of same to the following counsel of record:

Neal Moore, III
Tina Lam
Maridi Huggins
Ferguson, Frost, Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242

**/s/ Micah S. Adkins**
Micah S. Adkins