# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **BENJAMIN N. SCHWARTZ, ET AL.,** | ) |
| | ) |
|       **PLAINTIFF,** | ) |
| | ) |
| **V.** | ) CASE NO:  5:16-CV-00332-MHH |
| | ) |
| **CHECKREDI OF ALABAMA, LLC,** | ) |
| **ET AL.,** | ) |
| | ) |
|       **DEFENDANTS.** | ) |

### DEFENDANTS' MOTION FOR LEAVE TO RESPOND TO PLAINTIFF'S ATTORNEYS' FEE PETITION

COME NOW the Defendants, by and through the undersigned counsel, and respectfully request this Honorable Court to allow time for the Defendants to respond to the Fee Petition [doc. 58] submitted by the lawyers representing the Plaintiff in this case.  In support of this motion, the Defendants show as follows:

1. Counsel's Fee Petition was to be filed on October 24, 2017.  It was literally filed at the last minute, with the filed motion showing a time stamp of 11:58 p.m. and the electronic notice coming through one minute later at 11:59 p.m.

2. In addition to the reimbursement of litigation expenses, class counsel requests fees in the amount of $194,779.01 on page 2 of the Fee Petition or the alternative amount of $193,539.00 on page 12 of the Petition.  Either amount is in excess of the fees that could reasonably be accumulated in the prosecution of this matter.

3. The Defendants respectfully submit there are multiple important factors this Court should consider in determining the appropriateness of attorneys' fees.  Defendants know this Honorable Court is very well familiar with the *Johnson* factors listed in the Fee Petition.  Still, Defendants believe a brief in opposition to the Fee Petition will provide this Honorable Court

with unique insight regarding the application of these factors to the specific circumstances of this case. These unique questions include but are not necessarily limited to the following:

- Why it took three lawyers, each individually competent to handle this case, to prosecute Plaintiff's claims?

- The fact Defendants stipulated to liability under the FDCPA early in the litigation yet Plaintiff insisted on discovery nonetheless.

- That one of the three classes was dismissed.

- That Defendants had already recognized it had charged excessive fees <u>before suit was filed</u> and had abandoned the practice and initiated refunds without the threat of litigation.

- Once Defendants stipulated to liability, the subsequent discovery and eventual settlement added virtually nothing to the relief the class would have received anyway, other than incurring attorneys' fees which are the subject of this petition.

- That the claimed expertise of Plaintiff's counsel argues against the necessity of three different law firms being involved and should have result in increased efficiency and economy, rather than the opposite.

- That Defendants stipulated to over $100,000.00 in attorneys' fees at mediation specifically to avoid a fee contest, yet the three law firms representing the Plaintiff in this simple and ultimately uncontested matter request this Honorable Court to almost double it.

- Whether there is a legitimate market rate and analysis within class counsel's affidavits to support the hourly rates claimed.

4. Defendants understand the review of a Fee Petition must be among the most tedious things a District Court is asked to do. Defendants attempted to avoid this by stipulating to over $100,000.00 in fees. Because class counsel desires so much additional compensation, the Defendants respectfully urge this Honorable Court to allow a response.

5. Courts are duty bound to see that excessive fees and expenses are not awarded. *ACLU of Georgia v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999). In awarding fees, courts cannot be generous with the money of others. *Id.* Fee applicants must exercise what the Supreme Court

termed "billing judgment." *Hensley v. Eckerhert*, 461 U.S. 424 (1983).  The plaintiff bears the burden to provide documentation of reasonable hours and rates.  *Barnes*, 168 F.3d at 428.  Unnecessary hours—hours that would be unreasonable to bill one's client—cannot be charged to one's adversary.  *Id.*  Defendants suggest respectfully such billing judgment is absent in the present fee petition.  Defendants stipulated to the award to the class representative and do not contest it.  The fees and expenses, however, deserve examination and Defendants ask this Honorable Court to allow them to explain their opposition since it is Defendants who must ultimately pay them.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request this Honorable Court to allow twenty-one days to file a responsive motion to address the excessive fees, expenses, hours, hourly rate, and work performed by class counsel for which they now seek compensation.

Respectfully submitted,

/s/ Neal D. Moore, IIII
Neal D. Moore, III
Tina Lam
*Attorneys for Defendant Checkredi of Alabama*

OF COUNSEL:
**FERGUSON FROST MOORE & YOUNG, LLP**
1400 Urban Center Drive, Suite 200
Birmingham, Alabama  35242
Telephone:    (205) 879-8722
Facsimile:    (205) 879-8831
Email:        ndm@ffmylaw.com
Email:        lam@ffmylaw.com

## CERTIFICATE OF SERVICE

   This is to certify that on this the 25th day of October, 2017, a copy of the foregoing document has been served upon counsel for all parties to this proceeding via EM/ECF:

Micah S. Adkins
THE ADKINS FIRM PC
The Kress Building
301 19th Street North
Suite 581
Birmingham, Alabama  35203
micahadkins@ItsYourCreditReport.com

Penny Hays Cauley
HAYS CAULEY PC
549 West Evans Street, Suite E
Florence, South Carolina 29501
Pch917@hayscauley.com

Ronald C. Sykstus
BOND BOTES SYKSTUS TANNER & EZELL PC
225 Pratt Avenue
Huntsville, Alabama  35801
rsykstus@bondnbotes.com

            /s/ Neal D. Moore, III
            OF COUNSEL