IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BENJAMIN N. SCHWARTZ, ) | |
| on behalf of himself and all others ) | |
| similarly situated, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CASE NO: 5:16-cv-00332-MHH |
| ) | |
| CHECKREDI OF ALABAMA, LLC, ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

## ORDER AND FINAL JUDGMENT

In this class action, Benjamin Schwartz, the named plaintiff and proposed representative of the plaintiff class, alleges that defendant Checkredi of Alabama, LLC violated the Fair Debt Collection Practices Act and the Electronic Funds Transfer Act. (Doc. 16). The parties negotiated a settlement agreement, and the Court preliminarily approved the settlement on August 17, 2017. (Doc. 54). On November 8, 2017, the Court conducted a hearing on the parties' motion for final approval of the proposed class settlement and on Mr. Schwartz's request for attorneys' fees and costs. (Docs. 55, 58).

1

After consideration of the proposed settlement agreement (Doc. 50-2) and the entire record, and for good cause shown, the Court makes the following findings and orders as follows:

1. The Court has jurisdiction over the subject matter of this action and all parties to the action, including all members of the settlement class.

2. On August 17, 2017, pursuant to Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure, and solely for purposes of settlement, the Court preliminarily certified a settlement class as defined in paragraph 27 of the proposed settlement agreement. (Doc. 50-2, pp. 11–12, ¶ 27; Doc. 54). For the purpose of settling and resolving this action, the Court finds that the settlement class meets the requirements of Rule 23(a) for certification of the class claims in the complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representative and class counsel.

3. Pursuant to Rule 23(a), the Court finds that Benjamin Schwartz is a member of the settlement class, his claims are typical of those of the settlement class, and he fairly and adequately protected the interests of the members of the settlement class throughout the proceedings in this action. Accordingly, the Court appoints Mr. Schwartz as the class representative for the settlement class.

4. Having considered the factors set forth in Rule 23(g)(1), the Court finds that class counsel have fairly and adequately represented the settlement class

for purposes of entering into and implementing the settlement.  Therefore, the Court appoints Micah S. Adkins of The Adkins Firm, P.C. and David L. Selby II and James L. Kauffman of Bailey & Glasser, LLP as class counsel for the settlement class.

5. The Court awards class counsel fees and costs, pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $110,000.00.  The Court finds that an award of $110,000 in fees and costs is fair and reasonable given the risks of non-recovery, the time and effort involved, and the results obtained for the settlement class.[1]

---

[1] A court "may refer a motion for attorney's fees to a magistrate judge." Fed. R. Civ. P. 54(d)(2)(D).  In this case, the Court ordered the parties to participate in mediation before a magistrate judge, and the parties did so.  (Docs. 44, 45, 48).  During that mediation, with the oversight of the magistrate judge, CheckRedi agreed not to challenge a fee petition of up to $110,000.00.  (Doc. 50-2, pp. 20–21).

When plaintiffs requested fees and expenses of $198,981.56 (Doc. 58), CheckRedi objected (Doc. 63).  After reviewing CheckRedi's 49-page opposition to class counsel's fee petition (245 pages, with attachments) and examining the details of the fee petition (Doc. 58 and attachments), the Court had a lengthy discussion with counsel for the parties about the fee petition.  The Court rejected the hourly rates that class counsel proposed (Doc. 63, p. 10), questioned the number of attorneys and support staff for whom class counsel were seeking payment (Doc. 58-2, p. 8; Doc. 63, p. 10), and gave specific examples of items in class counsel's time sheets that the Court would not accept (*see* Doc. 58-1, pp. 10–33; Doc. 58-2, pp. 9–19).  *See* November 8, 2017 minute entry.

Plaintiffs then filed a revised fee petition.  (Doc. 64).  Class counsel reduced the number of attorneys for whom they claim fees from eight to five and reduced the hourly rates for those five attorneys substantially (Doc. 64, p. 2 (seeking a range of hourly rates from $325/hour to $375/hour for 352.10 hours of time that the five attorneys accumulated)), reduced the number and categories of personnel for whom they seek compensation (Doc. 64, p. 2 (explaining that counsel "voluntarily 'no-billed' for paralegal time and time that may be viewed as strictly administrative, despite authority that allows attorneys to recover for administrative tasks, albeit at a lower rate" and citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir.

6. The Court awards an incentive fee to Mr. Schwartz in the amount of $6,000.00.

7. The Court directed that class notice, in the form set out in Doc. 53-1, pp. 2–4, be given pursuant to the notice procedure proposed by the parties and approved by the Court. The Court approved First Class Inc. as the administrator of the settlement. Consistent with the Court's preliminary approval order, on September 13, 2017, First Class mailed the class notice to the 2,340 members of the proposed settlement class. (Doc. 55-2, p. 3, ¶ 7).

8. The class notice met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution. The class notice constituted the best and most efficient notice practicable under the circumstances and sufficient notice to all potential members of the class. The form

---

1974)), and eliminated many, though not all (*see, e.g.*, block entries at Doc. 64-1, pp. 9, 12, 17, 18, 20), of the problematic entries from their time sheets (Doc. 64, pp. 7–8). Then, because the revised petition exceeded $123,000 (Doc. 64, p. 2), class counsel further reduced the fee petition to $110,000.00. (Doc. 64).

Based on the Court's review of the original and revised fee petitions and supporting documentation, the Court's discussions with counsel for the parties, and the participation of the magistrate judge in the negotiation of a fee/expense ceiling, and considering the fact that class counsel obtained a fair and reasonable recovery for the more than 2,300 plaintiff class members, the Court determines that a total award of $110,000 in fees and costs is fair and reasonable. *See* Fed. R. Civ. P. 23(h); Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment, Subdivision (h) ("Active judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process. . . . In a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a common fund or are otherwise paid."); *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

of notice was concise, clear, and in plain language, and was reasonably calculated under the circumstances to apprise members of the settlement class of the existence of the class action; the claims of the settlement class; the definition of the settlement class; the terms of the settlement; the fairness hearing and the right to appear at the fairness hearing, through counsel if desired; the right to opt out of the settlement class; the right to object to the proposed settlement; the procedures for exercising such rights; and the binding effect of a judgment, whether favorable or unfavorable, on members of the settlement class. No class member filed an objection to the settlement.

9. On July 5, 2017, pursuant to 28 U.S.C. § 1715(a) and (b), Checkredi served the Class Action Fairness Act Notice, which consisted of a cover letter and accompanying documents, upon the United States Attorney General and the Alabama Attorney General. (Doc. 52).

10. The Court finds, after a hearing and based upon all submissions of the parties, that the proposed class settlement is fair, reasonable, and adequate. The Court also finds that the proposed settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution.

11. The Court incorporates the proposed settlement agreement (Doc. 50-2) into this order and final judgment. The Court approves the settlement

agreement and orders that the settlement agreement shall be consummated and implemented in accordance with its terms and conditions.

12. All members of the settlement class are bound by this order and final judgment and by the terms of the settlement.

13. Without affecting the finality of this order and final judgment, the Court retains jurisdiction over the implementation, administration, and enforcement of this order and final judgment and the settlement and all matters ancillary to them. The Court asks the Clerk to please **CLOSE** the file.

**DONE** and **ORDERED** this December 22, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE